**STATE OF MINNESOTA ex rel. Miles LORD, Attorney General, Plaintiff,**

v.

**Ezra T. BENSON, Secretary of Agriculture, Defendant.**

**Civ. A. No. 18–59.**

United States District Court
District of Columbia.

May 11, 1959.

Eugene Gressman, Washington, D. C., Sydney Berde and Walter F. Mondale, Sp. Asst. Attys. Gen., for State of Minnesota, for plaintiff.

J. C. Krause, Dept. of Agriculture, Washington, D. C., for defendant.

W. E. McIntyre, Sp. Asst. Atty. Gen. for State of Mississippi.

HOLTZOFF, District Judge.

This is an action brought by the State of Minnesota on the relation of its Attorney General against the Secretary of Agriculture for a declaratory judgment that would adjudicate that a provision of one of the milk marketing orders issued by the Secretary of Agriculture is invalid. This order was issued under the provisions of the Agricultural Marketing Agreement Act of 1937, 7 U.S.C.A. § 601 et seq.

At the threshold, the plaintiff is confronted with the question whether it has a standing to sue and maintain this action even if—which the Court does not decide at this juncture—the provision that is challenged were illegal and even if the order of the Secretary were subject to judicial review—which again the Court does not decide at this juncture.

■ It is well established that a State of the United States may not maintain an action as *parens patriae* in behalf of

its citizens to declare a statute enacted by Congress unconstitutional even though the individual citizens of the State may be adversely affected by the legislation. This was held in Commonwealth of Massachusetts v. Mellon, 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078; State of Florida v. Mellon, 273 U.S. 12, 47 S.Ct. 265, 71 L.Ed. 511; and numerous cases which have followed those two leading decisions.

The case of State of Georgia v. Pennsylvania R. Co., 324 U.S. 439, 65 S.Ct. 716, 89 L.Ed. 1051, is clearly distinguishable. In that case, a State of the Union brought suit against a group of railroads, alleging that the defendants were engaged in a conspiracy in restraint of trade and commerce among the States and seeking relief on that basis. It is important to observe that the State of Georgia professed to sue in several capacities, among them in her capacity as a quasi-sovereign or as agent and protector of her people against a continuing wrong done to them; and, second, in her capacity as a proprietor to redress wrongs suffered by the State as the owner of a railroad and as the owner and operator of various institutions of the State. The Supreme Court upheld the right of the State of Georgia to maintain the action. It pointed out in its opinion, 324 U.S. at page 447, 65 S.Ct. at page 721 that Georgia sued as a proprietor to redress wrongs suffered by it as the owner of a railroad and as the owner and operator of various public institutions.

■ In this instance, if, for example, the State of Minnesota had a proprietary interest either as an operator of a dairy or dairies, or as a distributor or handler of milk, or, on the other hand, as a purchaser of milk for its institutions, and brought suit in that capacity, it may well be that it would have a standing to maintain this action. Here, however, the State purports to sue solely as *parens patriae* for the benefit of its citizens to declare a Federal regulation to be invalid.

The Court is of the opinion that under the authorities heretofore referred to, the State of Minnesota is not in a position to maintain this action and has no standing to sue.

In view of these circumstances, the Court deems that it would not be appropriate to pass upon any of the issues involving the merits.

The motion of the defendant to dismiss the complaint on the ground that the plaintiff has no standing to sue is granted.